# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**MARK STUPAR,**

      **Petitioner,**

**v.**                             **Case No. 3:12cv391/LC/CJK**

**MICHAEL D. CREWS,**

      **Respondent.**

_____/

## REPORT AND RECOMMENDATION

This cause is before the Court upon an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 6). Respondent filed an answer, submitting relevant portions of the state court record. (Doc. 34). Petitioner replied. (Doc. 40). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the Court show that petitioner is not entitled to federal habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged by Amended Information filed in the Circuit Court for Okaloosa County, Florida, Case No. 08-CF-2015, with Driving While License Cancelled, Suspended or Revoked - Third Offense (Count 1); Felony DUI - Fourth Offense (Count 2)[1]; and Refusal to Submit to Testing of Breath, Urine, or Blood (Count 3). (Doc. 34, Ex. D).[2] On November 25, 2008, petitioner entered a counseled no contest plea to each count as charged, pursuant to a negotiated plea agreement. (Exs. E, F). Petitioner was adjudicated guilty and, pursuant to the terms of his plea agreement, sentenced to 5 years incarceration suspended upon petitioner's successful completion of 3 years probation, with costs, fines and various other DUI minimum mandatories. (Ex. F). The Order of Probation was rendered December 3, 2008, *nunc pro tunc* to November 25, 2008. (Ex. G).

On December 22, 2008, an Affidavit of Violation of Probation was filed alleging petitioner's violation of Condition 7 of the terms of his probation by using intoxicants to excess, based on an incident that occurred on December 18, 2008. (Ex. H). An Amended Affidavit of Violation of Probation was filed on January 23, 2009, alleging an additional violation of Condition 7 by petitioner's intoxicants to excess, based on an incident that occurred on January 20, 2009. (Ex. I). Petitioner admitted the violations. (Ex. J). In an Order of Modification of Probation filed February 11, 2009, the trial court adjudicated petitioner guilty of the violations, restored petitioner to probation "to allow for completion of all original terms and conditions," ordered

---

[1]Petitioner's three prior DUI convictions were alleged to have been entered on September 8, 2000, December 21, 2001, and December 17, 2007. (Ex. D).

[2]All references to exhibits are to those provided at Doc. 34, unless otherwise noted.

that the 5-year prison sentence "remain suspended pending successful completion of all terms and conditions of Probation," and imposed a special condition that petitioner enter and successfully complete a drug/alcohol treatment program and "comply with all Rules and Regulations of the Program." (Ex. J).

On June 9, 2009, an Affidavit of Violation of Probation was filed alleging two violations: (1) petitioner's violation of Condition 5 of the terms of his probation by failing to live at liberty without violating any laws, based on petitioner's committing a new violation of law – a battery on another resident (William Addison) at the drug treatment program, on May 7, 2009; and (2) petitioner's violation of Special Condition 4 by failing to successfully complete the drug/alcohol treatment program based on petitioner's unsuccessful discharge from the treatment program due to his striking Mr. Addison. (Ex. K). An evidentiary proceeding on the alleged violations was held on August 25, 2009. (Ex. L). Petitioner was represented by counsel. At the conclusion of the hearing the trial court found that petitioner violated the terms of his probation, adjudicated petitioner guilty and sentenced petitioner to the previously suspended 5-year term of incarceration with credit for time served. (Ex. L). Judgment and sentence was rendered September 2, 2009, and a probation revocation order was rendered September 3, 2009. (Ex. M).

Petitioner appealed. (Ex. N). Petitioner's appellate counsel filed an *Anders* brief, asserting that no good faith argument could be made in the appeal; that the statement of judicial acts to be reviewed requested review of the judgment and sentence for petitioner's violation of probation; and that although the appellate court should review "the propriety of the trial court's rulings," they appeared to be legal. (Ex. O). Appellate counsel flagged no particular issues or rulings. Petitioner was

given the opportunity to file a *pro se* brief. (Ex. P). Petitioner's *pro se* brief stated, in relevant part: "The hearing was had without evidence in my favor. Conviction was based on hearsay, the State did not specify which allegation had been proven." (Ex. Q). Petitioner also asserted that the battery charge filed in Escambia County based on the incident was *nolle prossed* for lack of sufficient evidence. (*Id.*). Petitioner concluded by asserting that the appellate court "should review the propriety of the trial court's ruling." (*Id.*). The Florida First District Court of Appeal ("First DCA") affirmed petitioner's judgment and sentence per curiam and without a written opinion, on July 2, 2010. *Stupar v. State*, 39 So. 3d 324 (Fla. 1st DCA 2010) (Table) (copy at Ex. R).

On July 26, 2010, petitioner filed a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b). (Ex. S1). The circuit court summarily denied relief, stating:

> The Court has been able to decipher three (3) potential grounds for relief in Defendant's motion.
>
> First, Defendant alleges that he was sentenced as a habitual felony offender even though he is not one. This ground must be denied. Defendant was not sentenced in this manner as a habitual felony offender. The Court cannot determine any basis for the Defendant's belief that he was sentenced as such. In Defendant's original plea agreement in this matter, the section pertaining to habitual felony offenders is crossed-through and there is no other mention of habitual felony offender status anywhere in Defendant's file.
>
> Second, defendant alleges that his "plea" was "confusing." He argues that the "special conditions" of his plea were not specified. This ground must be denied. The special conditions of each subsequent resentencing were clearly defined in the order of probation and order of modification of probation.

>     Third, Defendant alleges that the Court failed to orally pronounce
> his sentence on the record.  This ground must be denied.  Even assuming
> that the Court did fail to announce Defendant's sentence on the record,
> the Defendant has failed to allege in what wa[y] this omission had
> prejudiced him or in what way his sentence differs from whatever
> sentence should have been entered by the court and announced on the
> record.  Defects in the plea and sentencing procedures do not afford a
> defendant relief unless they can show prejudice from such defect.

(Ex. S2) (footnotes omitted).  Petitioner did not appeal the order denying relief.  (Ex. A1).

On August 10, 2010, petitioner filed a motion for discretionary reduction or modification of his sentence pursuant to Florida Rule of Criminal Procedure 3.800(c). (Ex. T1).  The state court summarily denied relief on August 23, 2010.  (Ex. T2).

On August 17, 2010, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, raising seven claims:  (1) petitioner's plea was involuntary because petitioner did not understand the nature of the charges or the consequences of his plea; (2) counsel was ineffective at the August 25, 2009 VOP hearing when he failed to present documentary evidence that the misdemeanor case charging petitioner with battery was *nolle prossed*; (3) counsel was ineffective for failing to prepare for the August 25, 2009 VOP hearing; (4) the evidence at the August 25, 2009 VOP hearing was insufficient to revoke petitioner's probation because it was hearsay; (5) the revocation of petitioner's probation violated due process because the revocation was based on petitioner's committing a new law violation yet the criminal case charging petitioner with misdemeanor battery was dismissed; (6) counsel was ineffective at the VOP hearing when he failed to call witnesses favorable to the defense; and (7) counsel was ineffective at the VOP hearing when he failed to object to the court's embarrassing petitioner by engaging

in "name calling." (Ex. U1). The circuit court summarily denied relief on August 25, 2010, without an evidentiary hearing. (Ex. U2). Petitioner initiated an appeal from the order denying relief. (Ex. U3). By separate orders issued September 22, 2010, the First DCA directed petitioner to file an amended notice of appeal stating the date of rendition of the order to be reviewed, and directed petitioner to file an amended notice of appeal containing a proper certificate of serving showing service on the Florida Attorney General. (Ex. U4). On September 28, 2010, petitioner filed two separate amended notices of appeal. (Ex. U5). The First DCA dismissed petitioner's appeal on November 3, 2010, concluding that it had "[n]ot . . . received **proper** responses to [its] orders of September 22, 2010." (Ex. U6) (bold in original).

On September 13, 2010, petitioner filed another motion to correct sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b). (Ex. V1) The circuit court denied relief on September 24, 2010, explaining:

> The Court has been able to decipher one (1) potential ground for relief in Defendant's motion.
>
> Defendant alleges that he was sentenced as a habitual felony offender even though he is not one. First, this exact same argument was raised and denied in a prior motion filed by the Defendant. Second, as the Court stated in its previous Order, Defendant was not sentenced as a habitual felony offender. The Court cannot determine any basis for the Defendant's belief that he was sentenced as such. In Defendant's original plea agreement in this matter, the section pertaining to habitual felony offenders is crossed-through and there is no other mention of habitual felony offender status anywhere in Defendant's file.
>
> Defendant appears to make several requests after his statement that he was unlawfully sentenced as a habitual felony offender. He requests that his convictions be modified such that he is only convicted of misdemeanors instead of the felonies for which he was sentenced. He

requests that his suspended sentence terms be lifted and a "reasonable amount of incarceration" be imposed instead.

    The Court finds no basis for any of these requests.

(Ex. V2) (footnote omitted). Petitioner's motion for rehearing was denied on December 16, 2010. (Ex. V4). Petitioner did not appeal from the order denying relief. (Ex. A1).

On December 20, 2010, petitioner filed another motion to correct sentencing error under Fla. R. Crim. P. 3.800(b). (Ex. W1). The circuit court denied relief on January 10, 2011, explaining:

    In his motion, Defendant argues that he entered a plea to a third conviction of DUI within 10 years but that his record indicates that it was actually his fourth conviction. He argues that had he known he was entering a plea to a fourth DUI he would have elected instead to proceed to trial. He requests an order correcting this alleged sentencing error.

    As the attached written plea and sentencing agreement indicates, the Defendant did not enter a plea to any specific "number" of DUI convictions. He entered a plea to Felony DUI. As the attached amended information shows, the State had in fact charged the Defendant with a fourth or subsequent DUI. As the attached transcript from the plea colloquy shows, Defendant entered a plea "as charged."

(Ex. W2) (footnotes omitted). Petitioner did not appeal from the order denying relief. (Ex. A1).

On January 3, 2011, petitioner filed another motion under Fla. R. Crim. P. 3.800(a), requesting jail credit. (Ex. X1). The circuit court summarily denied relief on January 20, 2011, as follows:

    In his motion, Defendant requests additional jail credit for his time spent at the Keaton Program, a non-secure drug treatment program, prior to his sentencing in this matter. Defendant is not entitled to credit

for such time.

(Ex. X2) (footnote omitted). The court cited to *Pennington v. State*, 398 So. 2d 815 (Fla. 1981), in its footnote (Ex. X2, p. 1 n1). Petitioner did not appeal the order denying relief. (Ex. A1).

On December 31, 2010, petitioner submitted to prison officials for mailing another motion for postconviction relief under Fla. R. Crim. P. 3.850.[3] (Ex. BB1). The motion was stamped "filed" by the state circuit court clerk on February 2, 2011. (*Id*.). By order rendered July 19, 2011, the circuit court dismissed the motion as successive, explaining:

> On August 25, 2010, this Court summarily denied Defendant's first Motion for Postconviction relief which was filed on August 17, 2010. Although an evidentiary hearing was not held for the first motion, several of the grounds in the motion were denied on the substantive merits. Specifically, Defendant's claim that his plea was involuntary was refuted by the record and defendant's claim that his attorney failed to present evidence at the evidentiary hearing was refuted by the record. The other previously presented grounds were denied as legally insufficient.
>
> In his present motion, Defendant presents four (4) grounds for relief. First, he argues that his attorney should have deposed state witness Dr. Marks. Defendant argues that if he had, he would have learned that Dr. Marks could testify in defense of Defendant's actions by way of hearsay testimony regarding the actions of the victim against the Defendant before the attack. Defendant concludes that this testimony could have potentially swayed the Court in determining whether Defendant's actions were made in self defense. Second, he argues that his attorney was ineffective by failing to allow the Defendant himself to testify. Defendant argues that his own testimony regarding

---

[3]The date stamp of the correctional institution on this motion erroneously reflects the year as 2011, instead of 2010. (Ex. BB1).

the defensive nature of his actions would have convinced the court to conclude that he had not violated his probation. Third, he argues that his attorney "failed to object" to the Court's revocation of his probation without "a finding of what specific condition" he had violated. Fourth, he argues that his attorney failed to ensure that his plea entry was knowing and voluntary.

The State argues that Defendant's motion should be dismissed as a successive motion for postconviction relief. Citing Jones v. State, 591 So.2d 911 (Fla. 1991), the State argues that permitting the Defendant to present a claim for ineffective assistance of counsel in this piecemeal fashion is an abuse of process.

Because the Defendant has not stated any reason that he could not have known about the claims made in his instant motion at the time when he filed his initial motion for postconviction relief, and the denial of his prior motion for postconviction relief was made on the substantive merits, the Court agrees with the State that the instant motion should be dismissed as successive.

(Ex. BB3). On August 19, 2011, petitioner filed a notice of appeal, which was assigned case no. 1D11-4706. (Ex. BB4). On April 4, 2012, the state appellate court dismissed the appeal, stating:

The appellant's appeal is hereby dismissed as untimely because it was not filed within thirty days of rendition of the order to be appealed. *See* Fla. R. App. P. 9.110(b). In light of the dismissal, the appellant's "Motion to Hear and Rule," filed in this Court on February 27, 2012, is hereby denied as moot.

*Stupar v. State*, 102 So. 3d 667 (Fla. 1st DCA 2012). The mandate issued January 10, 2013. (Ex. BB11).

In August of 2011, petitioner filed four motions in the state circuit court: (1) another motion under Fla. R. Crim. P. 3.800(b), (Ex. Y1); (2) a motion titled "Request to Resume, Instant Rule 3.850 Which The Courts dismissed . . ." (Ex. Y2); (3) a

motion for waiver of costs and fines; and (4) a motion for extension of time for filing appeal. (*See also* Ex. A1). The circuit court summarily denied relief on September 9, 2011, stating as to each of petitioner's pleadings:

### Motion for Rehearing

Defendant asks the Court to "resume" his previously filed and denied motion for postconviction relief. The Court has considered this motion as a request for rehearing and determined that there is no basis to reconsider Defendant's previously denied motion for postconviction relief.

### Motion to Correct Illegal Sentence

Although titled as a motion to correct illegal sentence under Rule 3.800(b), Defendant's motion actually reargues his previous postconviction motions, focusing on the alleged lack of evidence to support his violation of probation. He requests that a new evidentiary hearing be held on his violation of probation and that the State be required to present additional evidence. His motion does not even allege that the sentence he received is illegal. This motion must be denied.

### Motion for Waiver of Costs and Fines

Defendant requests the Court to waive previously imposed costs and fines in his case. This request is denied.

### Motion for Extension of Time for Filing Appeal

Any request for additional time in which to file an appeal must be made to the appellate court, not the trial court. The Court notes that Defendant has already filed a notice of appeal with this Court on August 23, 2011.

(Ex. Y3). Petitioner did not appeal the order denying relief. (Ex. A1).

On October 25, 2011, petitioner filed a pleading titled "Motion to Dismiss" seeking dismissal of the Information pursuant to Florida Rule of Criminal Procedure 3.190. (Ex. Z1). On October 31, 2011, petitioner filed another motion under Fla. R. Crim. P. 3.800(b). (Ex. Z2). The circuit court summarily denied relief on November 18, 2011, as follows:

> Motion to Dismiss
>
> This motion is frivolous and utterly without merit. It is denied.
>
> Motion to Correct Illegal Sentence
>
> Although titled as a motion to correct illegal sentence under Rule 3.800, Defendant's motion actually reargues his previous postconviction motions, including attacks on the sufficiency of the plea colloquy, failure to advise of the potential maximum sentence, failure to allow withdrawal of plea, failure to inform of right to appeal, and "impermissible upward modification of probation." He requests that the Court "overturn the judgment and sentence," and hold an evidentiary hearing on his motion. Defendant makes no claim that the sentence he received is illegal in any way. This motion is merely a restatement of Defendant's prior motion for postconviction relief and must be denied.

(Ex. Z3). Petitioner did not appeal the order denying relief. (Ex. A1).

On November 30, 2011, petitioner filed another motion under Fla. R. Crim. P. 3.800(a). (Ex. AA1). The circuit court summarily denied relief on December 22, 2011, as follows:

> Motion for Post Trial Release
>
> On July 30, 2010, Defendant's conviction and sentence were affirmed on direct appeal. Since then, Defendant has filed 11 total motions to correct illegal sentence and motions for postconviction relief. Defendant's most recent motion for postconviction relief was filed on

February 2, 2011, and dismissed as successive on July 19, 2011. On August 23, 2011, Defendant filed a notice of appeal of the order dismissing his motion as successive. This appeal remains pending.

Defendant has requested post trial release while this postconviction relief appeal is pending. Even if Defendant prevails in his appeal of this Court's summary denial of his motion for postconviction relief, the outcome would not be the reversal of his conviction. In that case, the Court would reinstate Defendant's postconviction relief motion and address it on the substantive merits. Although this Court can find no authority directly on point, because there is no potential for the reversal of Defendant's conviction based on the instant appeal, the request for post trial release should be denied.

<u>Motion to Correct Illegal Sentence</u>

Although styled as a motion to correct illegal sentence, and although Defendant specifically states in the instant motion that it is not intended to "reargue a previous postconviction rule 3.850," Defendant nonetheless once again attacks his conviction, not his sentence. Defendant does not argue that he has received an illegal sentence.

(Ex. AA2). Petitioner initiated an appeal. (Ex. AA6). The state appellate court dismissed petitioner's appeal on May 10, 2012, pursuant to petitioner's "Notice of Voluntary Dismissal." (Ex. AA7).

On March 25, 2012, petitioner filed another motion under Fla. R. Crim. P. 3.800(b). (Ex. CC1). The circuit court summarily denied the motion by order rendered April 30, 2012, stating:

In his present motion, defendant reargues his claim that the Court "failed to specify the violation of probation" and that this constitutes a "fundamental error of due process." This is the same argument presented in Defendant's motion dated December 5, 2011, and denied by this court on December 22, 2011. Defendant filed a notice of appeal regarding the December 22, 2011, order on January 26, 2012. This

appeal is currently pending before the First District.

> This Court doe not have concurrent jurisdiction to reconsider a motion containing the same substantive argument as a previous motion now under appeal.

(Ex. CC2). On May 4, 2012, petitioner filed a pleading in the state circuit court titled, "Motion Before Appeal", in which he requested that the court reconsider its above-quoted dismissal of his Rule 3.800 motion in light of his having voluntarily dismissed the appeal of the December 22, 2011 order. (Ex. CC3). On May 8, 2012, petitioner filed a pleading in the circuit court entitled "Motion to Set-aside" requesting the same relief as his "Motion Before Appeal." (Ex. CC4). Also on May 8, 2012, petitioner filed a pleading titled "Motion Seeking Credit Time Served in Lieu of Fines." (Ex. CC5). Also on May 8, 2012, petitioner filed another motion to correct illegal sentence under Fla. R. Crim. P. 3.800. (Ex. CC6). By order dated June 15, 2012, and rendered June 19, 2012, the circuit court ruled on these motions as follows:

<u>MOTION BEFORE APPEAL AND MOTION TO SET ASIDE</u>

> In these motions, Defendant essentially requests that the Court reconsider his Motion to Correct Illegal Sentence filed on April 30, 2012, in light of the fact that he has now voluntarily dismissed his appeal. The Court can find no reason not to grant these motions and reconsider Defendant's motion to correct illegal sentence on the merits. A motion pursuant to Rule 3.800(a) may be filed at any time and it would be inefficient to require the Defendant to file yet another copy of the same motion before considering the merits.

> Therefore, it is ORDERED AND ADJUDGED that the Defendant's Motion Before Appeal and Motion to Set Aside are hereby GRANTED. The Court will readdress Defendant's Motion to Correct Illegal Sentence filed on April 30, 2012, and issue a separate order.

## MOTION TO WAIVE FINES

In this motion, Defendant explains that he is imprisoned and therefore without the ability to acquire the funds necessary to pay the fines he incurred as a result of this case. He asks the court to waive these fines. There is no legal basis to waive a previously imposed criminal fine after the time period for modifying a defendant's sentence has expired.

Therefore, it is ORDERED AND ADJUDGED that the Defendant's Motion to Waive Fines is hereby DENIED.

## MOTION TO CORRECT ILLEGAL SENTENCE

Defendant's first ground for relief seems to allege that the Court lacked sufficient reliable evidence at the evidentiary hearing held August 25, 2009, in support of a finding of violation of probation. This ground is not cognizable in a motion to correct illegal sentence pursuant to Rule 3.800(a). Defendant's motion is facially insufficient as a motion for postconviction relief under Rule 3.850, but even were the motion facially sufficient in this regard, the ground would be denied. Claims that insufficient evidence exists to support a conviction are not cognizable in a motion for postconviction relief.

Defendant's second ground for relief claims that a violation of double jeopardy occurred. The Court is unable to decipher the specific argument for this claim but has reviewed the judgment and sentence in this case and can find no violation of double jeopardy. This ground must be denied.

Defendant's third ground for relief alleges that the plea in this case is invalid because Defendant did not agree to "habitual DUI offender sentence." The Defendant goes on to demand "clarification of the allegations from the VOP hearing." The Court is unable to follow Defendant's arguments in this ground, however, it does not appear that

the arguments involve a claim of an illegal sentence; thus, this ground is not properly before the Court in the present motion.  As mentioned above, the instant motion is facially insufficient under Rule 3.850, Fla. R. Crim. P.

Therefore, it is ORDERED AND ADJUDGED that the Defendant's Motion to Correct Illegal Sentence is hereby DENIED. Defendant is hereby permitted thirty (30) days from the date of rendition of this order in which to file an amended, facially sufficient, motion under Rule 3.850, Fla. R. Crim. P., to address Ground 3, herein.

(Ex. CC7).  Petitioner appealed.  (Ex. CC9).  The state appellate court affirmed per curiam and without a written opinion on October 25, 2012.  *Stupar v. State*, 100 So. 3d 683 (Fla. 1st DCA 2012) (Table) (copy at Ex. CC10).  The mandate issued November 20, 2012.  (*Id.*).

On June 27, 2012, petitioner filed a motion for postconviction relief pursuant to Fla. R. Crim. P. 3.850 and the court's order allowing amendment.  (Ex. DD1).  On July 30, 2012, petitioner filed a pleading titled "Motion for Release Pending Appeal." (Ex. DD2).  On August 23, 2012, the state circuit court issued an "Order Denying Motion For Release Pending Appeal and Order Denying Motion For Postconviction Relief And Order To Show Cause Directed To Defendant."  (Ex. DD3).  The order provided:

<u>MOTION FOR RELEASE PENDING APPEAL</u>

Defendant requests release from prison pending his appeal of this Court's order denying his motion to correct illegal sentence, filed July 13, 2012.  A defendant is not entitled to bail pending appeal of a denial of a motion to correct sentence.  This motion is denied.

## MOTION FOR POSTCONVICTION RELIEF

In this motion , Defendant raises four grounds for relief.

First, to the best of this Court's ability to interpret Defendant's motion, Defendant argues that when he originally entered his plea to the instant charges on November 25, 2008, he wasn't aware of or did not understand the sentence he would or could receive. Without addressing the substantive validity of this claim, it must be denied as untimely. No direct appeal was taken from this conviction and sentence and the two year time limitation of Rule 3.850, Fla. R. Crim. P., has long since passed.

Second, Defendant argues that his counsel failed to advise him of the rights he waived by entering a no contest plea. Once again, this claim is directed at his original plea and sentencing and is denied as untimely.

Third, Defendant seems to argue that § 318.14, Fla. Stat., is unconstitutional. Defendant goes on to argue that "Stupar apt [sic] the opportunity to withdraw plea from the sentence imposed August 25, 2009, and impositions of the suspensions, thus the court error accepting an invalid plea November 25, 2008." He continues with a statement about discussions with his counsel prior to the entry of his plea in 2008. Once again, this ground appears to attack his original plea and sentencing and is untimely.

Fourth, Defendant argues that he was denied effective assistance of counsel. It is unclear what Defendant's claim is in this ground. It is denied for lack of facial sufficiency.

## ORDER TO SHOW CAUSE

Since his VOP sentencing on August 25, 2009, the Defendant has now filed 27 motions with this court. The majority of these are motions to correct illegal sentence and motions for postconviction relief along

with a few miscellaneous requests such as for waiver of fines, for rehearing, and for post-trial release.  These motions repeatedly present the same arguments and they have all been denied.  In light of the burden presented by these many repetitive, successive, and frivolous motions, the Defendant is hereby ordered to show cause in writing within forth-five (45) days why he should not be prevented from filing additional pro se papers with this Court.

Should the Defendant fail to successfully show cause why he should be permitted to continue filing pro se papers with this Court, the Clerk will be directed to reject any additional papers filed by the Defendant not signed by a member of the Florida Bar.  Should Defendant continue to file pro se papers after such prohibition, the Court may impose additional sanctions, including, but not limited to, sanctions under either § 944.279 or § 944.28(2)(a), Florida Statutes.

(Ex. DD3) (footnotes omitted).  Petitioner filed his response to the show cause order on September 28, 2012.  (Ex. DD4).  On May 16, 2013, the state court entered an order prohibiting petitioner "from filing any further pro se motions with this Court in case 08-CF-2015."  (Doc. 40, Attach.).

Petitioner filed his federal habeas petition in this Court on August 9, 2012. (Doc. 1, p. 42).  Petitioner's amended petition, filed September 11, 2012,  presents eight grounds for relief.  (Doc. 6).  Respondent asserts that petitioner is not entitled to federal habeas relief, because petitioner's claims are either procedurally defaulted, not cognizable on federal habeas review, or without merit.  (Doc. 34).

LEGAL STANDARDS

Claims Cognizable on Federal Habeas Review

Federal habeas relief is available to correct only constitutional injury.  28 U.S.C. § 2254(a); *Swarthout v. Cooke*, — U.S. —, 131 S. Ct. 859, 861, 178 L. Ed. 2d 732 (2011) ("The habeas statute unambiguously provides that a federal court may

issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted); *Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S. Ct. 475, 479-80, 116 L. Ed. 2d 385 (1991) (holding that errors that do not infringe upon a defendant's constitutional rights provide no basis for federal habeas corpus relief; "[I]t is not the province of a federal habeas court to reexamine state-court determination on state-law questions."); *Barclay v. Florida*, 463 U.S. 939, 958-59, 103 S. Ct. 3418, 3429, 77 L. Ed. 2d 1134 (1983) ("Mere errors of state law are not the concern of this court . . . unless they rise for some other reason to the level of a denial of rights protected by the United States Constitution.") (citations omitted). "The writ of habeas corpus was not enacted to enforce State-created rights." *Cabberiza v. Moore*, 217 F.3d 1329, 1333 (11th Cir. 2000) (citation and quotation marks omitted); *Tejada v. Dugger*, 941 F.2d 1551, 1560 (11th Cir. 1991) ("Questions of state law [and procedure] rarely raise issues of federal constitutional significance, because '[a] state's interpretation of its own laws provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved.'") (*quoting Carrizales v. Wainwright*, 699 F.2d 1053 (11th Cir. 1983)). "This limitation on federal habeas review is of equal force when a petition, which actually involves state law issues, is couched in terms of equal protection and due process." *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988).

Exhaustion and Procedural Default

Before bringing a § 2254 habeas action in federal court, a petitioner must exhaust all available state court remedies for challenging his conviction, 28 U.S.C.

§ 2254(b)(1),[4] thereby giving the state the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (*quoting Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). The petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); *Picard*, 404 U.S. at 277-78. A claim that was not presented to the state court and which can no longer be litigated under state procedural rules is considered procedurally defaulted, *i.e.*, procedurally barred from federal review. *O'Sullivan*, 526 U.S. at 839-40, 848, 119 S. Ct. 1728; *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999); *Chambers v. Thompson*, 150 F.3d 1324, 1326-27 (11th Cir. 1998) (holding that federal habeas courts should enforce applicable state procedural bars even as to claims that were never presented to the state courts). A claim is also

---

[4]Section 2254 provides, in pertinent part:

(b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–

    (A)  the applicant has exhausted the remedies available in the courts of the State; or

    (B) (i)  there is an absence of available State corrective process; or

      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .
(c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

considered procedurally defaulted if it was presented in state court and rejected on the independent and adequate state ground of procedural bar or default. *Coleman v. Thompson*, 501 U.S. 722, 734-35 and n. 1, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Caniff v. Moore*, 269 F.3d 1245, 1247 (11th Cir. 2001) ("[C]laims that have been held to be procedurally defaulted under state law cannot be addressed by federal courts."); *accord Tower v. Phillips*, 7 F.3d 206, 210 (11th Cir. 1993); *Parker v. Dugger*, 876 F.2d 1470 (11th Cir. 1990), *rev'd on other grounds*, 498 U.S. 308, 111 S. Ct. 731, 112 L.Ed.2d 812 (1991). In the first instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Bailey*, 172 F.3d at 1303. In the second instance, the federal court must determine whether the state's procedural default ruling rested on adequate state grounds independent of the federal question. *See Harris v. Reed*, 489 U.S. 255, 109 S. Ct. 1038, 1043, 103 L. Ed. 2d 308 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 534 U.S. 362, 122 S. Ct. 877, 885, 151 L. Ed. 2d 820 (2002). The adequacy requirement has been interpreted to mean that the rule must be "firmly established and regularly followed," *Siebert v. Allen*, 455 F.3d 1269, 1271 (11th Cir. 2006), that is, not applied in an "arbitrary or unprecedented fashion," *Judd v. Haley*, 250 F.3d 1308,1313 (11th Cir. 2001), or in a manifestly unfair manner. *Ford v. Georgia*, 498 U.S. 411, 424-25, 111 S. Ct. 850, 112 L. Ed. 2d 935 (1991); *Upshaw v. Singletary*, 70 F.3d 576, 579 (11th Cir. 1995).

A petitioner seeking to overcome a procedural default must show cause and prejudice, or a fundamental miscarriage of justice. *Tower* , 7 F.3d at 210. "For cause to exist, an external impediment, whether it be governmental interference or the reasonable unavailability of the factual basis for the claim, must have prevented

petitioner from raising the claim." *McCleskey v. Zant*, 499 U.S. 467, 497, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (*quoting Murray v. Carrier*, 477 U.S. 478, 488, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).  The miscarriage of justice exception requires the petitioner to show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S. Ct. 85, 130 L. Ed. 2d 808 (1995).  "To establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327.  Further:

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare.  To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

*Id*.

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[5] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court

---

[5]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

decision embodies the legal principle at issue. *Thaler v. Haynes*, 559U.S. 43, 130 S. Ct. 1171, 1173, 175 L. Ed. 2d 1003 (2010); *Bowles v. Sec'y for Dep't of Corr.*, 608 F.3d 1313, 1315 (11th Cir. 2010).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases. *Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require *awareness* of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them."). If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim. *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the state court decision is not contrary to clearly established federal law, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases. The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s) was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam); *cf. Bell v. Cone*, 535 U.S. 685, 697 n. 4, 122 S. Ct. 1843, 152 L. Ed. 2d 914 (2002) (declining to consider evidence not presented to state court in determining whether its decision was contrary to federal law). An objectively unreasonable application of federal law occurs when

the state court "identifies the correct legal rule from Supreme Court case law but unreasonably applies that rule to the facts of the petitioner's case" or "unreasonably extends, or unreasonably declines to extend, a legal principle from Supreme Court case law to a new context." *Putman v. Head*, 268 F.3d 1223, 1241 (11th Cir. 2001). A state court, however, may "decline to apply a specific legal rule that has not been squarely established by [the Supreme Court]" without running afoul of the "unreasonable application" clause. *Knowles v. Mirzayance*, 556 U.S. 111, 122, 129 S. Ct. 1411, 173 L. Ed. 2d 251 (2009).

When faced with a state appellate court's summary affirmance of a trial court's decision, the "unreasonable application" standard focuses on the state court's ultimate conclusion, not the reasoning that led to it. *See Gill v. Mecusker*, 633 F.3d 1272, 1287 (11th Cir. 2011) (*citing Harrington v. Richter*, — U.S. —, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011)). The federal court must determine what arguments or theories supported or could have supported the state court's decision, and then ask whether it is possible that fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior Supreme Court decision. *See Richter*, 131 S. Ct. at 786; *see also Gill*, 633 F.3d at 1292 (holding that the federal district court may rely on grounds other than those articulated by the state court in determining that habeas relief was not warranted, so long as the district court did not err in concluding that the state court's rejection of the petitioner's claims was neither an unreasonable application of a Supreme Court holding nor an unreasonable determination of the facts). In sum, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim . . . was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement."

*Richter*, 131 S. Ct. at 786-87.

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). As with the "unreasonable application" clause, the federal court applies an objective test. *Miller-El v. Cockrell*, 537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding. *See Gill*, 633 F.3d at 1292.

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and §2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit recently declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the

petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. 930, 954, 127 S. Ct. 2842. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 131 S. Ct. at 786.

## DISCUSSION

Ground One     "Deprivation of Rights to Due Process of Law Violation Amendment (5) U.S.C.A." (Doc. 6, p. 5).

Under Ground One of the amended petition, petitioner presents four separate grounds designated "A," "B," "C," and "D," all of which are predicated upon allegations of ineffective assistance of counsel at the August 25, 2009 VOP proceeding. (Doc. 6). Ground "A" asserts that counsel was ineffective during the August 25, 2009 VOP hearing when he failed to investigate and call witnesses who would have testified that petitioner struck the other resident at the drug treatment facility only after the other resident kicked petitioner. (Doc. 6, Attach.). Ground "B" asserts that counsel was ineffective at the August 25, 2009 VOP hearing when he failed to call petitioner to testify in his own defense. (*Id*.). Ground "C" asserts that counsel was ineffective at the August 25, 2009 VOP hearing when he failed to object to the court's revoking petitioner's probation without specifying the particular condition(s) petitioner violated. (*Id*.). Ground "D" asserts that counsel was

ineffective at petitioner's original plea proceeding on November 25, 2008, when he failed to object to the court's failure to conduct a proper plea colloquy and failed to advise petitioner of the rights he was waiving by entering a no contest plea. (*Id*.). When asked on the petition form whether he presented these grounds for relief in state court, petitioner checked the box marked "No." (*Id*., p. 5). Respondent asserts that all of these grounds are procedurally defaulted, because they were raised in petitioner's December 31, 2010 motion for postconviction relief – a motion that was dismissed by the state court on the procedural ground that it was successive. (Doc. 34, pp. 27-28).

The record establishes that petitioner raised the above instances of ineffective assistance of counsel in one or both of his Rule 3.850 motions filed on August 17, 2010, and December 31, 2010, respectively. (Ex. U1; Ex. BB1). However, petitioner failed to invoke one complete round of the State's established appellate review process in his first Rule 3.850 proceeding because his appeal of the order denying postconviction relief was dismissed on the independent and adequate state ground of petitioner's failure to comply with Florida's rules of appellate procedure. *See* Fla. R. App. P. 9.110(d); Fla. R. App. P. 9.420; Fla. R. App. P. 9.410. Petitioner's second Rule 3.850 proceeding was dismissed as successive, and his appeal of that ruling was dismissed on the independent and adequate state ground that the appeal was untimely. *See* Fla. R. App. P. 9.110(b). Petitioner asserts in his reply that the dismissal of his appeal as untimely was unfair (or, alternatively, that his procedural default should be excused), because there was no prison official available to accept petitioner's notice of appeal on July 18, 2011. (Doc. 40, p. 2). Petitioner's argument does not make sense considering that the circuit court's order dismissing petitioner's second Rule 3.850 motion was not rendered until July 19, 2011. (Ex. BB3). Even liberally

construing petitioner's argument as asserting that a prison official was not available to accept petitioner's notice of appeal for mailing on **August** 18, 2011, petitioner's allegation is insufficient to demonstrate that the dismissal of his appeal as untimely was inadequate, or that petitioner's procedural default should be excused. Petitioner made no showing to the First DCA, and makes no showing here, that he made any effort to deliver his notice of appeal to prison officials for mailing during the thirty days preceding the final date of the appellate deadline. Petitioner's response to the First DCA's show cause order merely argued that petitioner believed his notice of appeal to have been timely filed. (Ex. BB7; Ex. BB9). Petitioner later argued in his motion to reinstate the appeal that his untimely filing of the notice of appeal should be excused because he misinterpreted the rules governing the time to appeal. (Ex. BB8).

Petitioner procedurally defaulted the issues raised in Ground One. Petitioner has made none of the requisite showings to excuse his procedural default. Petitioner's procedural default bars federal habeas review of Ground One.

Ground Two        "Violation of 3.790(b) Fla. R. Crim. P. Stature Violation 948.01, 3140 (a) (b) and (d)(1)." (Doc. 6, p. 5).

Petitioner asserts in Ground Two that his November 25, 2008 no contest plea to the underlying charges "was unlawfully induced or not made voluntarily, with the understanding of the nature of the charge and the consequences of the plea." (Doc. 6, Attach.). Petitioner elaborates that his trial counsel at the plea proceeding, Mr. Miller, failed to advise petitioner of the maximum penalty he could receive if he violated his probation, because Miller did not explain to petitioner what a "suspended" sentence meant, thereby causing petitioner to believe that "the Court would not impose a five-year sentence upon Stupar." (Doc. 6, Attach.). Petitioner

further alleges that the trial court failed to advise him personally of the sentence it could impose if he violated his probation, and that the trial court also failed to ensure that he knew what rights he was waiving by entering a plea. Petitioner asserts that had trial counsel and the trial court explained to him the maximum penalty he could receive, he would have opted to go to trial. (*Id*.). When asked on the petition form whether he presented these grounds for relief in state court, petitioner checked the box marked "Yes," but did not identify where or how he did so. (*Id*., pp. 5-6).

Respondent asserts that Ground Two was copied largely verbatim from "Ground 2" of petitioner's Rule 3.850 motion filed in state court on December 31, 2010, and that for the reasons set forth in Ground One, *supra*, this ground for relief is procedurally defaulted. (Doc. 34, pp. 35-36).

Respondent is correct. Petitioner's attack on his November 25, 2008 no contest plea was raised in one or both of his Rule 3.850 motions. Both of those proceedings were dismissed on independent and adequate state procedural grounds. *See* discussion *supra* Ground One. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of Ground Two.

Ground Three    "Violation Due Process 32.1 Fed. R. Crim. P. Notification, Revocation Requirements." (Doc. 5, p. 6).

Petitioner asserts in support of this claim: "Attached Documents Ground (C)." (*Id*.). Petitioner provides no further allegations to support this claim or explain it. Petitioner is apparently referencing subclaim "C" of Ground One above, wherein petitioner faulted his VOP counsel for failing to object to the court revoking his probation without specifying the particular condition petitioner violated. When asked on the petition form whether he presented this ground for relief in state court,

petitioner checked the box marked "Yes," but when asked to explain how it was raised petitioner stated, "Federal Citation weren't." (*Id*., p. 6).

Respondent asserts that to the extent petitioner is raising the same ineffective assistance claim as Ground One above, this claim is procedurally defaulted for the same reasons Ground One is procedurally defaulted. (Doc. 34, p. 36). Respondent asserts that to the extent petitioner may be contending that he is entitled to relief on the ground that the trial court failed "to specify what condition Stupar had violated" at the August 25, 2009 revocation hearing, and because "the conditions the Court specified in his Order [of revocation of probation] were not the conditions referenced [in the affidavit of violation on] which the hearing was held" (doc. 6), those issues are also procedurally defaulted, because although petitioner mentioned those issues in each of his Rule 3.800(a) motions filed on August 15, 2011 (Ex. Y1), October 31, 2011 (Ex. Z2), and November 30, 2011(Ex. AA1), the circuit court summarily denied relief on procedural grounds without reaching the merits, and petitioner did not appeal the denial of his August 15, 2011 or October 31, 2011 Rule 3.800(a) motions, (Ex. A1), and voluntarily dismissed his appeal of the denial of his November 30, 2011 Rule 3.800(a) motion (Ex. AA7). Thus, even assuming to petitioner's benefit that his claim is a federal claim cognizable on federal habeas review, petitioner procedurally defaulted the claim by failing to invoke one complete round of Florida's established appellate review process.

Respondent is correct. To the extent petitioner is raising the same ineffective assistance claim presented in Ground One sub-claim "C" above (counsel failed to object to the trial court's failure to specify the probation condition upon which the violation of petitioner's probation was based), this claim is procedurally defaulted for the same reasons Ground One is procedurally defaulted. *See* discussion *supra*

Ground One. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of this issue.

To the extent petitioner is not challenging counsel's representation, but is instead challenging the trial court's revocation of his probation on the grounds that the court failed to specify the particular condition petitioner violated and based its revocation of probation on a violation not alleged in the VOP Affidavit, the claim is procedurally defaulted. Petitioner attempted to raise these issues in his Rule 3.800 motions challenging his sentence (*see* Ex. Y1, Z1, AA1); however, the trial court denied each of the motions on state procedural grounds – petitioner's attacks on the validity of the probation revocation were not cognizable in a Rule 3.800 proceeding because they challenged the validity of the revocation and not the legality of petitioner's sentence. (*See* Exs. Y3, Z3, AA2; *see also e.g., Coughlin v. State*, 932 So. 2d 1224 (Fla. 2d DCA 2006) (recognizing the well established rule in Florida that claims attacking a conviction rather than a sentence are not cognizable in a motion filed under Fla. R. Crim. P. 3.800 (citing cases)). Petitioner did not appeal the denial of relief of his first two motions, and voluntarily dismissed his appeal of the order denying his third motion. Petitioner's failure to invoke one complete round of Florida's appellate review process renders his claims unexhausted and, because petitioner cannot now return to state court to appeal the orders denying Rule. 3.800 relief, procedurally defaulted.

To the extent petitioner attempted to exhaust his claim in his direct appeal of the trial court's August 25, 2009 probation revocation order and judgment (*see* Ex. Q, p. 2 (petitioner's *pro se* brief stating, in relevant part, "the State did not specify which allegation had been proved"), that effort does not constitute proper exhaustion because, as petitioner concedes, petitioner failed to alert the state court to the federal

constitutional nature of his claim. To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. *Duncan, supra*, 513 U.S. at 365-66 (explaining that, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal, but in state court."); *O'Sullivan*, 526 U.S. at 845; *Picard*, 404 U.S. at 277-78 (rejecting the contention that the exhaustion requirement is satisfied when a petitioner presents the state courts only with the facts necessary to state a claim for relief). Petitioner's *pro se* appellate brief did not did not say, or even suggest, that his challenge to the revocation order was a federal claim about due process. Petitioner did not label his claim as a federal claim. Petitioner did not cite the United States Constitution, a federal statute, or federal case law in support of his claim. Accordingly, the state court was not on notice of a Fourteenth Amendment due process challenge to the revocation order. *See, e.g., Duncan*, 513 U.S. at 365-66 (holding that federal habeas petitioner failed to exhaust claim that state trial court's evidentiary ruling violated the Due Process Clause of the Fourteenth Amendment; petitioner's state law claim that the prejudicial effect of the evidence outweighed its probative value was only somewhat similar to, not the same as, petitioner's federal habeas claim that the evidence was so inflammatory as to prevent a fair trial); *Zeigler v. Crosby*, 345 F. 3d 1300, 1307 (11th Cir. 2003) (holding that federal habeas petitioner failed to "fairly present" his juror misconduct claims to the state courts where his brief to the state appellate court did not refer to the federal constitutional issues raised in his federal habeas petition, and none of the cases cited in his direct appeal discussed the federal Constitution); *McNair v. Campbell*, 416 F.3d 1291, 1302-04 (11th Cir. 2005) (holding that petitioner failed to "fairly present" his

federal constitutional claim –  that jurors violated the Sixth Amendment by considering extraneous evidence during deliberations – to the state court on direct appeal; "McNair never cited any United States Supreme Court or federal appellate court case dealing with extraneous evidence, nor did he mention the presumption of prejudice that arises under federal law when jurors consider such evidence.  Instead, he relied on state law opinions to argue a state law claim under a state law standard, citing a lone federal district court opinion (which itself did not mention the federal presumption of prejudice) only as part of a string citation illustrating various courts' holdings with respect to extraneous evidence in the jury room.).  Petitioner's failure to exhaust his federal due process claim results in a procedural default because "it is apparent that the Florida courts would now refuse to hear this claim. . . ." *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009).  Petitioner has made none of the requisite showings to excuse his default.  Petitioner's procedural default bars federal habeas review of Ground Three.

Ground Four        "Procedural Due Process Violation."  (Doc. 6, p. 6).

Petitioner states the following facts in support of this claim: "Defendants 3.850 Fla. R. Crim. P. By Institution stamped dated August 19, 2011, Deems Motion Timely filed in accord 9.420 R. App. P. (2) (f). C. file in 1DCA-2011-4706; U.S. District Court." (Doc. 6, p. 6).  Petitioner appears to be claiming that the First DCA violated his right of due process by erroneously dismissing his appeal in DCA case number 1D11-4706 as untimely.  First DCA case number 1D11-4706 was petitioner's appeal from the July 19, 2011 order of the state circuit court that summarily dismissed petitioner's December 31, 2010 Rule 3.850 motion as successive.  (Ex. BB).

Respondent asserts that petitioner's claim raises an issue of pure state law and is not cognizable in a federal habeas proceeding.  (Doc. 34, pp. 41-42).  Respondent

alternatively argues that petitioner's claim is without merit. (*Id.*, pp. 40-41).

Respondent is correct in both respects. It is well established in the Eleventh Circuit that a prisoner's challenge to the process afforded him in a state postconviction proceeding does not constitute a cognizable claim for habeas corpus relief. This is so because such a claim represents an attack on a proceeding collateral to the prisoner's confinement and not the confinement itself. *Alston v. Dep't of Corr., Fla.*, 610 F.3d 1318, 1326 (11th Cir. 2010) (holding that habeas petitioner's claim – that the state postconviction court acted unreasonably when it determined that he was competent to waive his postconviction proceedings and that his waiver was valid – was not cognizable on federal habeas review; "[T]he state court finding that Alston was competent to waive his post-conviction proceedings concerns the state's application of its own post-conviction procedure, not the legality of Alston's detention."); *Carroll v. Sec'y, DOC, Fla. Attorney Gen.*, 574 F.3d 1354, 1366 (11th Cir. 2009) (holding that habeas petitioner's claim – that the state court violated his due process rights when it summarily denied his postconviction claim without an evidentiary hearing – did not state a claim on which federal habeas relief could be granted); *Anderson v. Sec'y for Dep't of Corr.*, 462 F.3d 1319, 1330 (11th Cir. 2006) (per curiam) (holding that a state court's failure to conduct an evidentiary hearing on a postconviction motion does not constitute a cognizable claim for federal habeas relief); *Quince v. Crosby*, 360 F.3d 1259, 1261-62 (11th Cir. 2004) (explaining that "while habeas relief is available to address defects in a criminal defendant's conviction and sentence, an alleged defect in a collateral proceeding does not state a basis for habeas relief."); *Spradley v. Dugger*, 825 F.2d 1566, 1568 (11th Cir. 1987) (holding that habeas petitioner's claim that errors in Rule 3.850 proceeding violated his right to due process did not state a basis for habeas relief because the claim

"[went] to issues unrelated to the cause of petitioner's detention."). As the Eleventh Circuit explained in *Alston*:

> Federal habeas relief is available to remedy defects in a defendant's conviction and sentence, but "an alleged defect in a collateral proceeding does not state a basis for habeas relief." *Quince v. Crosby*, 360 F.3d 1259, 1262 (11th Cir. 2004); *see also Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1365 (11th Cir. 2009) (collecting cases), *cert. denied*, — U.S. —, 130 S. Ct. 500, 175 L. Ed. 2d 355 (2009). There is a valid reason behind this principle: "[A] challenge to a state collateral proceeding does not undermine the legality of the detention or imprisonment – i.e., the conviction itself – and thus habeas relief is not an appropriate remedy." *Carroll*, 574 F.3d at 1365. Furthermore, such challenges often involve issues of state law, and "[a] state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved." *McCullough v. Singletary*, 967 F.2d 530, 535 (11th Cir. 1992).

*Id*. at 1325-26. Thus, to the extent petitioner seeks federal habeas relief on the ground that the First DCA misapplied state rules of procedure in finding his appeal untimely, petitioner fails to state a claim cognizable on federal habeas review because his claim does not undermine the legality of his conviction, but merely alleges a defect in a proceeding collateral to his confinement. Federal habeas relief on Ground Four may be denied on this basis.

Petitioner's claim also lacks merit. The state circuit court's order dismissing petitioner's Rule 3.850 motion was rendered July 19, 2011. (Ex. BB3; *see also* Fla. R. App. P. 9.020(h)). Petitioner had 30 days, until August 18, 2011, in which to file his notice of appeal. *See* Fla. R. App. P. 9.110(b) (requiring that a notice of appeal be filed within 30 days of rendition of the order to be appealed). Petitioner's notice of appeal was provided to prison officials for mailing, and deemed filed, on August

19, 2011. (Ex. BB4; *see also* Fla. R. App. P. 9.420(a)(2)). Petitioner's notice of appeal was filed one day late and was properly dismissed as untimely.

| Ground Five | "Violation of Florida Constitution Article I, 16 [Notice Requirements], plea - sentence, illegally enhance terms as Habitual [DUI] Offender." (Doc. 6, p. 7). |
|---|---|

Petitioner alleges the following facts in support of this claim:

Defendant upon the violation of probation revocation evidentiary hearing, alleges the State's Attorney has illegally enhanced the statute in accord to the judgment and sentence Count II Felony (DUI Habitual) 4th Conviction.

Imposition are beyond the terms of an original plea sentence the 25th days of August 2009, while Denouncing the (Habitual DUI) the statute 316.193(1)(2)(b)(3), November 25, 2008 the original plea – sentence wouldn't indicate the statute outside of the agreement as charging documents will clearly described.

Therefore, the States' Attorney illegally enhanced the charge without providing notification, believing attorney and the court accepted the three-count information as the charging information includes the statute 316.193 third conviction.

Claiming three misdemeanors as charged, three or more prior (DUI) convictions is an essential fact constituting substantive offense of felony (DUI), Article I, 16, Florida Statute 948 wouldn't' permit suspended sentence while attempting to prove (felony DUI), the terms would be an unlawful plea agreement. An improper plea agreement as (Habitual DUI Offender) which is never mentioned within the plea. see, Crain v. State, 302 So.2d 433, 434 (Fla. 2nd DCA 1974), Defendant is sentence to terms that weren't agreed upon.

(Doc. 6, pp. 7-8) (verbatim recitation of amended petition).

Respondent asseets that to the extent petitioner seeks federal habeas relief based on an alleged violation of the Florida Constitution, he is entitled to none

because federal habeas relief cannot issue based on perceived errors of state law. (Doc. 34, p. 43). Respondent alternatively argues that to the extent petitioner challenges the revocation of his probation on the grounds that his sentence was an illegal enhancement of the crime to which he pleaded no contest on November 25, 2008, his claim is procedurally defaulted. (*Id*., pp. 43-51). Respondent also argues that petitioner's claim fails on the merits. (*Id*., pp. 51-56).

This Court need not reach the procedural default issue, because petitioner's claim is not cognizable on federal habeas review. Petitioner appears to argue that the sentence imposed upon revocation of his probation violates the Florida Constitution and Florida statutes, because he was charged with and pled no contest to felony DUI as a third conviction within ten years of a prior DUI conviction, but the sentence imposed upon revocation of his probation was the penalty for felony DUI as a fourth conviction. Petitioner does not say, or even suggest, that his sentence violates the United States Constitution. As stated previously, "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout*, 131 S. Ct. at 861 (internal quotations and citations omitted). An alleged violation of state law provides no basis for federal habeas relief.

Federal habeas relief may also be denied on the alternative ground that it is conclusively refuted by the record. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). The record establishes that petitioner was charged with, pled no contest to, and was convicted of felony DUI as a fourth conviction, a third-degree felony punishable by

a term of imprisonment not exceeding 5 years. (Exs. D, E, F, G; *see also* Fla. Stat. § 316.193(1) and 316.193(2)(b)3; Fla. Stat § 775.082). Petitioner's 5-year sentence imposed upon the revocation of his probation was consistent with the charging document, petitioner's plea and sentencing agreement, petitioner's no contest plea, and Florida law.

Petitioner is not entitled to federal habeas relief on Ground Five.

Ground Six     "Deprivation of rights U.S.C.A. Constitution Amend (5), (6), (14), (16), depriving of rights against double jeopardy . . . assertions ground (D)." (Doc. 6, p. 8).

Petitioner presents the following facts in support of this claim:

Counsel constructively denied defendants rights by not informing defendant of necessary laws an instructions of courtroom procedure and by not explaining the degree of charges.

Defendants sentence couldn't exceed (1) year, 316, 1931(1). (R. 3); 79-81. Preserving allegations of three DUI Convictions (R. 128) noted during [VOP] evidentiary hearing, reference to 32.1 Fed. R. Crim. P. in accord "non specification". In accord to Florida Statute Rule 3.790(b). Orally Pronouncement on the record. (Three DUI's), transcriptions suggest (three prior DUI's). August 25, 2009.

Defendants' belief only having two prior conviction, not until reception of record then noticing most of the court errors on appeal, denouncing prosecutions allegations during [VOP] evidentiary defendant is merely sentence on prior convictions. See, Id at 1265 quoting Harris, 356 So.2d 316, 317 (Fla. 1979) bifurcated process; support in Shargaa v. State, 102 So.2d 81A (Fla. 1958) August 25, 2009 evidentiary alleging [VOP].

Defendant asserts the court error "procedurally" the prosecutions wouldn't be permitted to charge an accused upon simultaneous allegations that the accused previously is convicted of a totally unrelated crime committed years pervious. . . .

See, <u>State v. Rodriguez</u>, 575 S.2d 1262 (Fla. 1991) 553/1331, whereas the accused must be tried in a bifurcated process of whether the accused been convicted previously to (DUI) on three or more prior occasions 754 So.2d 691 (Fla. 2000), 711 So.2d 77, elements of (DUI) at issue outside of court actions as citations would reveal.

(Doc. 6, pp. 8-9) (verbatim recitation of amended petition).

As best the Court can discern, petitioner may be raising one or more of the following claims: (1) violation of the Double Jeopardy Clause based on either (a) petitioner's "prosecution" at the VOP hearing for violating his probation by committing a new violation of law (battery) after petitioner had already been charged with the battery in a separate criminal case and the charge was dismissed, or, (b) petitioner's sentence for felony DUI (4th conviction) violates double jeopardy principles because it punishes petitioner a second time for his previous DUI convictions; (2) an ineffective assistance of trial counsel claim based on trial counsel's alleged failure to explain to petitioner the nature/degree of the charges to which petitioner pled no contest; (3) a sentencing claim that petitioner's sentence could not exceed one year under Florida law; and/or (4) a state law procedural challenge to petitioner's conviction of Felony DUI (4th conviction) on the grounds that the trial court failed to employ the procedures established in *State v. Rodriguez*, 575 So. 2d 1262 (Fla. 1991) (holding that "when a defendant charged with felony DUI elects to be tried by jury, the court shall conduct a jury trial on the elements of the single [present] incident of DUI at issue without allowing the jury to learn of the alleged prior [misdemeanor] DUI offenses. If the jury returns a guilty verdict as to that single incident of DUI, the trial court shall conduct a separate proceeding without a jury to determine, in accord with general principles of law, whether the defendant had been convicted of DUI on three or more prior occasions."), and *State v.*

*Harbaugh*, 754 So. 2d 691 (Fla. 2000) (holding that when a defendant requests that the jury determine the existence of prior DUI convictions in felony DUI trial, the bifurcated procedure of *State v. Rodriguez* should be amended to provide for a jury on the second proceeding).

Respondent asserts that although petitioner's arguments are almost incomprehensible, the State discerns these four claims: (1) a violation of double jeopardy; (2) ineffective assistance of trial counsel; (3) an illegal sentence; and (4) an involuntary plea. (Doc. 34, p. 57). Respondent argues with regard to the double jeopardy claim that petitioner presented a double jeopardy claim to the state court in only one of his postconviction motions – his May 8, 2012 motion filed under Rule 3.800(a) – which was denied on the merits and affirmed on appeal. Giving petitioner the benefit of the doubt that the claim he now raises is the same claim he exhausted in state court, federal habeas relief is not warranted because the state courts' rejection of petitioner's claim is consistent with clearly established Federal law. (Doc. 34, pp. 57-61). Respondent asserts that petitioner's ineffective assistance claim is a re-argument of the same claim presented in Ground One sub-claim "D", and is procedurally defaulted for the reasons set forth in Ground One. (Doc. 34, p. 61). Respondent asserts that petitioner's "illegal sentence" claim is procedurally defaulted because petitioner did not present it to the state courts (doc. 34, pp. 61-63), and is also without merit. (*Id.*, p. 63). Respondent construes petitioner's fourth claim as a challenge to the validity of petitioner's no contest plea on the same grounds presented in Ground Five above – that petitioner thought he pled to felony DUI as a third conviction within ten years, and not felony DUI as a fourth conviction. So construed, respondent asserts that petitioner's claim is procedurally defaulted and without merit. (Doc. 34, pp. 63-64).

A.     Double Jeopardy Claim

The Court will give petitioner the benefit of the doubt that the double jeopardy claim he raises is the one he exhausted in state court in his Rule 3.800(a) motion filed on May 8, 2012. There, petitioner alleged as "Ground II" the following, in relevant part:

### The Constitutional Right of Due Process allegating violation of Double Jeopardy.

Stupar avers the due process clause wouldn't permit the court to impose a term of imprisonment on the allegations out of Mrs. Taylor ASA, Due Process along with double jeopardy wouldn't permit any person to be place twice in jeopardy of charges or convictions.

Asserting Stupar was place twice in jeopardy August 25, 2009 during evidentiary proceedings V.O.P. and at the end of hearing the court made a finding to ground 1 that Stupar violated the probation term merely on prior conviction (R. 7-9). "Alleging the state has proven there's been a violation."

Stupar re-avers asserting the clause forbids any court to sentencing impositions based on prior convictions, (R. 128) giving the allegation merit because if those ground or charges were constitutional decisions resulting imprisonment as in Stupar case even speculative statement without written notice is error, because hearsay allegations resulted in imprisonment.

Stupar draws the court to review the sentence imposed. Honorable Judge Thomas t. Remingtons decision.

Stupar asserts the ruling not only on prior convictions, and because the state hadn't implied any notification the court error, also Stupar alleges the error is common to an agreement to the attorney for the state . . . "plea and sentencing."

However, Stupar suggest the court ruling resulted revocation of probation term V.O.P. prescribed to Fed. R. Crim. P. 32.1(b)(1) wouldn't' permit the sentence during evidentiary proceedings.

(Ex. CC6). The state circuit court denied relief, as follows:

Defendant's second claim for relief claims that a violation of double jeopardy occurred. The Court is unable to decipher the specific argument for this claim but has reviewed the judgment and sentence in this case and can find no violation of double jeopardy. This ground must be denied.

(Ex. CC7). Petitioner appealed the order denying relief. (Ex. CC9). The First DCA summarily affirmed. (Ex. CC10).

In *United States v. Ursery*, 518 U.S. 267, 116 S. Ct. 2135, 135 L. Ed. 2d 549 (1996), the Supreme Court explained the principles underlying the Double Jeopardy Clause:

The Double Jeopardy Clause provides: "[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const., Amdt. 5. The Clause serves the function of preventing both "successive punishments and . . . successive prosecutions." *United States v. Dixon*, 509 U.S. 688, 696, 113 S. Ct. 2849, 2855, 125 L. Ed. 2d 556 (1993), *citing North Carolina v. Pearce*, 395 U.S. 711, 89 S. Ct. 2072, 23 L. Ed. 2d 656 (1969). The protection against multiple punishments prohibits the Government from "'punishing twice, or attempting a second time to punish criminally for the same offense.'" *Witte v. United States*, 515 U.S. 389, 396, 115 S. Ct. 2199, 2204, 132 L. Ed. 2d 351 (1995) (emphasis deleted), *quoting Helvering v. Mitchell*, 303 U.S. 391, 399, 58 S. Ct. 630, 633, 82 L .Ed. 917 (1938).

*Id.*, 518 U.S. at 273, 116 S. Ct. at 2139-40. The Double Jeopardy Clause protects against three distinct abuses: a second prosecution for the same offense after acquittal; a second prosecution for the same offense after conviction; and multiple punishments for the same offense. *North Carolina v. Pearce*, 395 U.S. at 717.

To the extent petitioner argues he was twice put in jeopardy for the battery offense (*i.e.*, the State's initiation and subsequent dismissal of the battery charge prohibited the subsequent revocation of petitioner's probation for petitioner's committing the battery), he is not entitled to federal habeas relief, because the state courts' rejection of the claim was not contrary to, or an unreasonably application of, clearly established Federal law. "A parole revocation proceeding is a purely administrative action designed to determine whether a parolee has violated the conditions of his parole, not a proceeding designed to punish a criminal defendant for violation of a criminal law." *United States v. Woods*, 127 F.3d 990, 992 (11th Cir. 1997) (*citing United States v. Hanahan*, 798 F.2d 187, 189 (7th Cir. 1986), *and Bible v. State of Arizona*, 449 F.2d 111, 112 (9th Cir. 1971) ("An allegation that a sentence was imposed upon revocation of probation for one offense together with an allegation that a sentence was imposed for a separate offense does not constitute a claim of two sentences for the same charge or double jeopardy.")). Accordingly, the Eleventh Circuit held in a similar context – where a prisoner claimed that double jeopardy principles barred his prosecution for robbery after he had pled guilty to violating the terms of his probation by committing the robbery – that "revocation of probation for commission of a subsequent criminal offense does not constitute punishment for that criminal offense for purposes of double jeopardy; rather, revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the offense conduct underlying that sentence." The court in *Woods* explained:

> [B]ecause Woods' commission of a criminal offense constituted a violation of the terms of his probation, it consequently provided grounds for the revocation of his probation. The punishment imposed in the form of probation revocation, however, was part of his original sentence

and thus constituted punishment for the crime underlying that sentence. Contrary to Woods' suggestion, subsequent prosecution for the criminal conduct committed while on probation constitutes prosecution for an entirely new offense and is not precluded by the Double Jeopardy Clause.

*Woods*, 127 F.3d at 992 (discussing and distinguishing *Dixon, supra*). The court noted that "every other circuit to have addressed this precise claim in the context of *Dixon* has reached the same result reached by our court today." *Id*. at 992-93 (citing cases).

Here, the VOP warrant was issued due to petitioner's failure to comply with the conditions of his probation, specifically: (1) Condition 5 of the Order of Probation rendered December 3, 2008, which states: "You will live without violating the law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation/community control."; and (2) Special Condition 4 of the Order of Modification of Probation rendered February 11, 2009, which states: "You will enter the Department of Corrections Non-Secure Drug Treatment Program or other residential treatment program/Probation and Restitution Center for a period of successful completion as approved by your officer. You are to remain until you successfully complete said Program and Aftercare. You are to comply with all Rules and Regulations of the Program." (Ex. K; Ex. G; Ex. J). Petitioner's battery of the resident at the drug treatment program and his unsuccessful termination from the program constituted a violation of the terms of his probation. The revocation of petitioner's probation was part of his original sentence (on the Driving While License Suspended and Felony DUI offenses) and constituted punishment for the crimes underlying that sentence. Petitioner's prosecution (and subsequent dismissal) for battery in a separate criminal case constituted prosecution

for an entirely new offense and was not precluded by the Double Jeopardy Clause.

Additionally, petitioner's VOP sentence did not exceed the sentence that originally could have been imposed on the criminal charges to which he pled no contest. The maximum sentence petitioner could have received on the Driving While License Suspended (3rd conviction) and Felony DUI (4th conviction) was five (5) years in state prison. (Ex. E; *see also* Fla. Stat. §322.34(2)(c); Fla. Stat. § 316.193(1) and 316.193(2)(b)3.; Fla. Stat § 775.082). Petitioner was aware that he could receive up to five (5) years in state prison if he violated the terms of his probation, as evidenced by his signature on the written plea agreement. Instead of imposing a prison sentence, the state court placed petitioner on felony probation for three years. (Ex. G). Upon determining that petitioner violated the conditions of his probation, the state court sentenced him to five years of incarceration with credit for jail time. (Ex. M). This sentence did not exceed the five-year sentence that could have been imposed on the original convictions for Driving While License Suspended and Felony DUI (4th conviction). Petitioner is not entitled to federal relief based on his claim that the VOP conviction or sentence violated his double jeopardy rights.

To the extent petitioner claims his conviction and/or sentence for Felony DUI (4th conviction) violates the Double Jeopardy Clause because it represents a second prosecution and punishment for his three prior DUIs, his claim fails. In both the multiple punishment and multiple prosecution contexts, the United States Supreme Court has concluded that "where the two offenses for which the defendant is punished or tried cannot survive the 'same elements' test, the double jeopardy bar applies." *United States v. Dixon*, 509 U.S. at 696, 113 S. Ct. 2849 (*citing Brown v. Ohio*, 432 U.S. 161, 168-69, 97 S. Ct. 2221, 2226-27, 53 L. Ed. 2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306 (1932) (multiple

punishment); *Gavieres v. United States*, 220 U.S. 338, 342, 31 S. Ct. 421, 422, 55 L. Ed. 489 (1911) (successive prosecutions)). The "same elements" test focuses on whether each offense contains a statutory element that is not contained in the other. If each offense has at least one element that the other does not, then the offenses are separate crimes, and double jeopardy does not bar multiple punishment and successive prosecution. *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182; *Dixon*, 509 U.S. at 696, 113 S.Ct. at 2856. Applying *Blockburger* and *Dixon* to the facts of petitioner's case, it is evident that petitioner could be prosecuted for DUI (4th conviction) even after being convicted of three prior DUIs arising from separate episodes on different dates. Because the Felony DUI charge (4th conviction) requires proof of an element not contained in any of the prior DUI convictions, and the prior DUI convictions each required proof of elements not contained in the Felony DUI charge, petitioner's conviction and sentence for the Felony DUI (4th conviction) is not barred by double jeopardy.

The state courts' denial of relief on petitioner's double jeopardy claim was not contrary to clearly established Federal law, did not involve an unreasonable application of clearly established Federal law, and was not based on an unreasonable determination of the facts.

B.     Ineffective Assistance of Trial Counsel Claim

Citing to "assertions ground (D)", petitioner's claim of ineffective assistance of counsel "by not informing defendant of necessary laws an instructions of courtroom procedure and not explaining the degree of charges" (doc. 6) is a re-argument of the same ineffective assistance claim presented in Ground One sub-claim "D" *supra*. (*See* Doc. 6, p. 5 (arguing that counsel "failed to object to the Court's failure to conduct a proper plea colloquy", "failed to advise petitioner adequately of

the right he was waiving by entering a no contest plea", failed to inform petitioner of the meaning and effect of a suspended sentence, failed to inform petitioner he was entering his plea to a fourth DUI offense, and failed to object to the court's failure to comply with the requirements of Fla. R. Crim. P. 3.172(c)(1) and (e), including the court's failure to advise petitioner of the maximum possible penalty that could be imposed)). This claim is procedurally defaulted for the same reasons Ground One is procedurally defaulted. *See* discussion *supra* Ground One. Petitioner has made none of the requisite showings to excuse his default. Petitioner's procedural default bars federal habeas review of this ineffective assistance claim.

C.     Illegal Sentence Claim

Petitioner claims his sentence is illegal because it "couldn't exceed (1) year, 316, 1931(1). (R. 3); 79-81." (Doc. 6). Respondent asserts this claim does not present a federal claim, is procedurally defaulted and is without merit. (Doc. 34, pp. 61-63). "A petitioner's claim that his sentence exceeds the maximum authorized by state law 'properly falls within the scope of federal habeas corpus review because the eighth amendment bars a prison sentence beyond the legislatively created maximum.'" *Graber v. Sec'y, Dep't of Corr.*, 417 F. App'x 882, 883 (11th Cir. 2011) (*quoting Echols v. Thomas*, 33 F.3d 1277, 1279 (11th Cir. 1994)). The Court need not resolve the procedural default issue, because this claim can be denied as wholly devoid of merit. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure to the applicant to exhaust the remedies available in the courts of the State."). Petitioner was convicted of Driving While License Suspended (3rd conviction) and Felony DUI (4th conviction). Both offenses are third degree felonies under Florida law, punishable by up to five years in prison. Fla. Stat. §322.34(2)(c); Fla. Stat. § 316.193(2)(b)3.;

Fla. Stat § 775.082. Petitioner's sentence did not exceed the maximum authorized by Florida law.

D.     State Law Procedural Challenge to Conviction of Felony DUI (4th conviction)

Petitioner claims the trial court violated the procedures established in *State v. Rodriguez*, 575 So. 2d 1262 (Fla. 1991) and *State v. Harbaugh*, 754 So. 2d 691 (Fla. 2000), when it failed to conduct a bifurcated proceeding to determine first, whether petitioner committed the offense of DUI on August 20, 2008, and then, in a separate proceeding, whether petitioner had been convicted of DUI on three prior occasions. Petitioner's claim is not cognizable on federal habeas review. Petitioner does not say, or even suggest, that his conviction violates the United States Constitution. As stated previously, "[t]he habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *Swarthout*, 131 S. Ct. at 861 (internal quotations and citations omitted). An alleged violation of state procedures provides no basis for federal habeas relief.

Petitioner is not entitled to federal habeas relief on Ground Six.

Ground Seven     "Law requirements; charging instruments, pursuant to Fla. R. Crim. P. 3.140(2)(b) and (d)(1), will require the court to provide notice of written information and to specify the allegations against the accused." (Doc. 6, p. 9).

Petitioner alleges the following in support of this claim:

Its predicated defendant is sentence upon prior convictions, and court couldn't determine the allegations of [VOP] during revocation hearing.

Nevermore, defendant wouldn't agree to the terms of and conditions of (habitual DUI offender), an asserts the plea is unlawfully

enhanced; statute is unlawful as charging documents indicate.

(Doc. 6, p. 9) (verbatim recitation of amended petition).

The State construes petitioner's claim as essentially a re-argument of Ground Five above and asserts that for the same reasons set out in Ground Five, this claim is procedurally defaulted and conclusively refuted by the record. (Doc. 34, pp. 65-66).

The undersigned construes petitioner's claim as one that the Amended Information charging petitioner with Felony DUI (4th conviction) and the Affidavit of Violation of Probation charging him with violating Condition 5 and Special Condition 4 of his probation failed to comply with the requirements of Florida law, namely, Fla. R. Crim. P. 3.140(2)(b) and (d)(1). Petitioner's claim presents a purely state law issue and does not provide a basis to grant federal habeas relief. *See* 28 U.S.C. § 2254(a); *Swarthout, supra*; *Estelle, supra*. Moreover, petitioner fails to specify in what manner the charging documents failed to comply with Florida law. The Amended Information provided a plain, concise and definite written statement of the essential facts constituting the offenses charged, and also cited the statute that petitioner was alleged to have violated. Similarly, the Affidavit of Violation of Probation provided a plain, concise and definite written statement of the essential facts constituting the violations alleged, and also cited the conditions of probation petitioner was alleged to have violated.

Petitioner is not entitled to federal habeas relief on Ground Seven.

Ground Eight        "Violation of Constitutional Law; criminal law violations; sentencing punishment code, 270(5); 1042; U.S.C.A. Const. Amend (14). See, 758 So.2d 1206 (Fla. App. 4 Dist. 2000), Fundamental errors of due process amend (14) supporting fact Para (1) (A), (B) and (C)." (Doc. 6, p. 10).

Petitioner alleges the following facts in support of this claim:

Revocation of probation violations not specifically allege in probation affidavits violated due process, is fundamental error.

Stockade rules aren't laws under condition five; neither charging documents nor probation order specifically alleges violation based upon the failure to comply with Stockade rules, failure to allege basic facts concerning an allegation of violation of probation is error.

Defendant alleges the Nolle Prosequi condition (5), would have eliminating the violation of condition (4).

(Doc. 6, p. 10) (verbatim recitation of amended petition). Petitioner concedes that he did not present these issues in his direct appeal of the revocation order, providing the following explanation: "defendant unlearned in law, see motions filed previously, and because both trial and appellate counsel were derelict in their duty." (*Id.*).

Respondent construes Ground Eight as raising two claims: "(1) Error in the revocation of probation based on a violation not alleged in the affidavit of violation; and (2) because the State *nolle prossed* the offense constituting the underlying new law violation alleged in Condition 5, which in turn formed the basis for the violation alleged in Condition 4, the evidence is insufficient to support the trial court's finding that petitioner violated both conditions." (Doc. 34, pp. 66-67). Respondent asserts that the first claim is a re-argument of Ground Three above (wherein petitioner alleged that "the conditions the Court specified in his Order [of revocation of probation] were not the conditions reference [in the affidavit of violation on] which

the hearing was held."), and is procedurally defaulted for the same reasons set out in Ground Three, *supra*. (Doc. 34, p. 67). Respondent asserts that the second claim, an insufficient evidence claim, is also procedurally defaulted. (*Id.*, pp. 68-72).

The Court construes petitioner's claim as two-fold: (1) the revocation of petitioner's probation violates due process because the violations upon which the revocation was based were not alleged in the charging affidavit; and (3) there was insufficient evidence to support the revocation of petitioner's probation because the State dismissed the criminal charge of battery.

> A. Revocation of petitioner's probation violated due process because it was based on violation(s) not alleged in the charging affidavit

To the extent petitioner is challenging the trial court's revocation of his probation on the grounds that the revocation was based on a violation not alleged in the June 9, 2009 VOP Affidavit, the claim is procedurally defaulted. Petitioner attempted to raise this issue in his Rule 3.800 motions challenging his sentence (*see* Ex. Y1, Z1, AA1); however, the trial court denied each motion on state procedural grounds – petitioner's attacks on the validity of the probation revocation were not cognizable in a Rule 3.800 proceeding because they challenged the validity of the revocation and not the legality of petitioner's sentence. (*See* Exs. Y3, Z3, AA2; *see also e.g., Coughlin v. State*, 932 So. 2d 1224 (Fla. 2d DCA 2006) (recognizing the well established rule in Florida that claims attacking a conviction rather than a sentence are not cognizable in a motion filed under Fla. R. Crim. P. 3.800 (citing cases)). Petitioner did not appeal the denial of relief of his first two motions, and voluntarily dismissed his appeal of the order denying his third motion. Petitioner's failure to invoke one complete round of Florida's appellate review process renders his claim unexhausted and, because petitioner cannot now return to state court to

appeal the orders denying Rule. 3.800 relief, procedurally defaulted.

To the extent petitioner attempted to exhaust this due process claim in his direct appeal of the trial court's August 25, 2009 probation revocation order and judgment (*see* Ex. Q, p. 2 (petitioner's *pro se* brief stating, in relevant part, "the State did not specify which allegation had been proved"), that effort does not constitute proper exhaustion, because petitioner failed to alert the state court to the federal constitutional nature of his claim. Petitioner's *pro se* appellate brief did not say, or even suggest, that his claim was a federal claim about due process. Petitioner did not label his claim as a federal claim. Petitioner did not cite the United States Constitution, a federal statute, or federal case law in support of his claim. Accordingly, the state court was not on notice of a Fourteenth Amendment due process challenge to the probation revocation order. *See, e.g., Duncan, supra*; *Zeigler, supra*; *McNair, supra*.

Petitioner's failure to exhaust his claim results in a procedural default because "it is apparent that the Florida courts would now refuse to hear this claim. . . ." *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1342 (11th Cir. 2009). Petitioner has made none of the requisite showings to excuse his default. Petitioner's conclusory reference to his appellate counsel being "derelict" in his duty is insufficient to establish cause. Petitioner's procedural default bars federal habeas review of this claim.

> B.     There was insufficient evidence to support the revocation of petitioner's probation because the State *nolle prossed* the misdemeanor battery charge

This claim may be denied on the merits. *See* 28 U.S.C. § 2254(b)(2). The fact that the State *nolle prossed* the battery charge did not preclude the VOP court from

determining that the State proved by a preponderance of the evidence that petitioner violated the law while he was on probation. Petitioner's reasoning fails to account for the radically different standards of proof applicable in a criminal prosecution (requiring proof beyond a reasonable doubt) and a probation revocation proceeding (requiring proof by a preponderance of the evidence). Probation may be revoked based upon a new violation of the law even when the defendant has been acquitted of the new charge. *See, e.g., United States v. Jolibois*, 294 F.3d 1110, 1114 (9th Cir. 2002) (upholding a revocation of supervised release based upon actual conduct where the defendant was not prosecuted for that conduct); *United States v. Teran*, 98 F.3d 831 (5th Cir. 1996) (same); *Taylor v. U.S. Parole Comm'n*, 734 F.2d 1152, 1155 (6th Cir. 1984) (parole violation can be based on criminal charges that were dismissed prior to trial) (internal citation omitted); *Russ v. State*, 313 So. 2d 758 (Fla. 1975) ("An acquittal in a criminal case does not preclude the judge from determining that a parole or probation violation has occurred based upon the same conduct."); *Bond v. State*, 839 So .2d 853 (Fla. 1st DCA 2003) (same); *State v. Jenkins*, 762 So. 2d 535 (Fla. 4th DCA 2000) (affidavit of probation violation did not have to be dismissed on the ground that the state had *nolle prossed* the assault charge that was the basis for the violation of probation, as *nolle prosequi* at most meant that the state did not have sufficient evidence to meet its burden of proving guilt beyond a reasonable doubt, which was a higher standard than was required to prove the probation violation); *Morris v. State*, 727 So. 2d 975, 977 (Fla. 5th DCA 1999) (same); *State v. Green*, 667 So. 2d 959, 961 (Fla. 2d DCA 1996) ("It has long been the law that a new criminal charge can result in a violation of probation even if the defendant is acquitted of the new offense.").

Petitioner is not entitled to federal habeas relief on Ground Eight.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus (doc. 6) challenging petitioner's convictions, sentences and revocation of probation in Okaloosa County Circuit Court Case No. 08-CF-2015, be DENIED.

2. That all pending motions be DENIED as moot.

3. That the Clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 22nd day of November, 2013.

*/s/ Charles J. Kahn, Jr.*

**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy hereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).